UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL GLASS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FEATHERLY, *et. al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:22-CV-00280-ART-CLB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>[ECF No. 22] |

Before the Court is Plaintiff Michael Glass's ("Glass") motion for leave to file a first amended complaint. (ECF No. 22.) Defendant Daniel Featherly ("Featherly") filed a non-opposition to the motion. (ECF No. 24.) For the reasons stated below, the Court grants Glass's motion for leave to file an amended complaint.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Glass is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the High Desert State Prison ("HDSP"). Glass initiated this action on June 21, 2022, by filing a civil rights complaint for events that occurred at the Ely State Prison ("ESP"). (ECF No. 1.) Pursuant to 28 U.S.C. § 1915A, the District Court screened Glass's complaint and allowed him to proceed on a single claim for excessive force against Featherly. (ECF No. 4.)

On April 18, 2023, Glass filed the instant motion for leave to amend, along with his proposed amended complaint. (ECF Nos. 22, 22-1.) On May 2, 2023, Featherly filed his answer, (ECF No. 23), and his non-opposition to the motion to amend. (ECF No. 24.)

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing

party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

### III.   DISCUSSION

Glass seeks to amend his complaint to add both claims and defendants, and Glass asserts that the proposed amendment is made in good faith. (ECF No. 22.) Specifically, Glass is seeking to amend his complaint to add: (1) a Fourteenth Amendment due process claim against Defendants Featherly and Michael Stolk ("Stolk"), Caseworker Mauro ("Mauro") and Doe NDOC Central Admin. Inmate Services Officer; and (2) an Eighth Amendment failure to protect claim against Featherly. (ECF No. 22-1.) Featherly filed a non-opposition to the motion. (ECF No. 21.)

The Court finds that the motion to amend should be granted, as the above factors discussed in *Desertrain* weigh in Glass's favor. First, rather than bad faith, the record demonstrates that Glass is acting in good faith to amend his complaint to add additional claims related to the action already before the Court. Second, Glass timely filed his amended pleading and thus did not delay in seeking amendment.

Third, Featherly is not prejudiced by the amendment, as it merely seeks to add additional claims against an already named Defendant, as well as add an additional related claim and defendants. Thus, the Court does not find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Amendment is not futile, as the proposed amended complaint adds a colorable failure to protect claim based on the same facts and circumstances as the excessive force claim against Featherly, as well as a colorable due process claim based on a notice of charges following the excessive force incident and lack of notice related to restitution payments. (ECF No. 22-1.) Finally, this is Glass's first amended pleading, thus this factor weighs in his favor. In sum, the above *Desertrain* factors each weigh in Glass's favor, and, therefore, the Court concludes that amendment is proper.

Additionally, Featherly does not oppose the motion. (ECF No. 24.) For all these reasons, Glass's motion to amend is granted. Because many of the allegations in the amended complaint are identical to those in the original complaint, (*Compare* ECF No. 5, *with* ECF No. 22-1), the Court adopts and incorporates the analysis from the original screening order, (ECF No. 4), and adds the additional allegations against Featherly to the failure to protect claim, and Defendants Featherly, Stolk, Mauro, and Doe NDOC Central Admin. Inmate Services Officer[1] to the due process claim.

---

[1] Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of the Doe Defendant comes to light during discovery, Glass may either move to substitute the true name of the Doe Defendant or move to amend his complaint to assert claims against the Doe Defendant at that time.

### IV. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Glass's motion for leave to file an amended complaint, (ECF No. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** Glass's first amended complaint, (ECF No. 22-1), which is now the operative complaint in this case.

**IT IS FURTHER ORDERED** that the first amended complaint shall **PROCEED** with:

- Eighth Amendment excessive force claim against Featherly;
- Eighth Amendment failure to protect claim against Featherly; and,
- Fourteenth Amendment due process claim against Featherly, Stolk, Mauro, and Doe Inmate Services Officer, when Glass learns his/her identity.

**IT IS FURTHER ORDERED** that within **21 days** of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Glass of whether it can or cannot accept service on behalf of Michael Stolk, Caseworker Mauro, and/or Doe NDOC Central Admin. Inmate Services. If the Attorney General's Office cannot accept service on behalf of Michael Stolk, Caseworker Mauro, and/or Doe NDOC Central Admin. Inmate Services, the Office shall file, under seal, but shall not serve on Glass, the last known address of Michael Stolk, Caseworker Mauro, and/or Doe NDOC Central Admin. Inmate Services, if it has such information. If the last known address of Michael Stolk, Caseworker Mauro, and/or Doe NDOC Central Admin. Inmate Services is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address for these defendants. If service cannot be accepted for Michael Stolk, Caseworker Mauro, and/or Doe NDOC Central Admin. Inmate Services, Glass shall file a motion requesting issuance of a summons, specifying a full name and address for Michael Stolk, Caseworker Mauro, and/or Doe NDOC Central Admin. Inmate Services. If the Attorney General has not provided last-known-address information, Glass shall provide the full name and address for Michael Stolk, Caseworker Mauro, and/or Doe NDOC Central Admin. Inmate Services.

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or other response to the first amended complaint within **60 days** from the date of this order.

**IT IS SO ORDERED.**

DATED: __May 3, 2023__.

_____
**UNITED STATES MAGISTRATE JUDGE**