# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL GLASS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FEATHERLY, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:22-CV-00280-CLB[1]<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 45] |

This case involves a civil rights action filed by Plaintiff Michael Glass ("Glass") against Defendants Daniel Featherly ("Featherly"), Stelyn Mauro ("Mauro"), and Michael Stolk ("Stolk") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF Nos. 45, 46.)[2] Despite being given two extensions of time to response, (ECF Nos. 48, 51), Glass did not oppose the motion.

Glass is in an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events related to this case occurred while Glass was housed at the Ely State Prison ("ESP"). Pursuant to Glass's first amended complaint[3], he is proceeding on the following claims: (1) Eighth Amendment excessive force claim against Featherly; (2)

---

[1]　The parties consented to the undersigned's jurisdiction to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C.§ 636(c) and Federal Rule of Civil Procedure 73. (*See* ECF No. 32.)

[2]　ECF No. 46 is a manually filed DVD with video footage of the incident at issue.

[3]　Defendants note in their opposition that the first amended complaint was not screened. (ECF No. 45 at 2.) This comment is troubling for two reasons. First, in making this statement, Defendants fail to mention they did not oppose the filing of the amended complaint. (*See* ECF No. 24.) Second, as this Court has repeatedly stated in previous orders, 28 U.S.C. § 1915A requires screening of a prisoner's complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint. *See Olausen v. Murguia*, 3:13-cv-00388-MMD-VPC, 2014 WL 6065622 (Nov. 12, 2014) (expressly rejecting the assertion that the PLRA mandates screening of all amended complaints.)

Eighth Amendment failure to protect claim against Featherly; and (3) Fourteenth Amendment due process claim against Featherly, Stolk, and Mauro. (ECF No. 27.)

In support of their motion for summary judgment, Defendants submit numerous exhibits: (1) NDOC Incident Report (redacted); (2) video of incident; (3) Inmate Disciplinary History (redacted); (4) Disciplinary Form II – Offense in Custody; (5) NDOC Accounting Inquiry; (6) Offender Information Summary (redacted); (7) NDOC Administrative Regulation ("AR") 405 – Use of Force; (8) NDOC AR 245 – Inmate Medical Charges; (9) NDOC Operational Procedure ("OP") SS-0041 – Inmate Health Care Charges; and (10) NDOC AR 446 – Identification of Inmates Affiliated with Security Threat Groups and Disruptive Groups. (*See* ECF Nos. 45-1, 46, 45-3, 45-4, 45-5, 45-6, 45-7, 45-8, 45-9, 45-10.)

There are several issues with these exhibits. First, none of these documents have been properly authenticated by an NDOC custodian of records. Second, several exhibits, which purport to outline the incident at issue in this case, are inexplicably redacted. The effect of these redactions is to seal these portions of the documents and restrict public (and Court) access. However, Defendants did not request leave of Court to seal these documents, in direct violation of the Local Rules and controlling case law regarding sealing. *See* LR IA 10-5. Additionally, there is no evidence that the parties entered a protective order, which would account for the redactions. Moreover, Defendants represent in the motion for summary judgment that the Incident Report at issue "misidentified Glass and his cellmate," (ECF No. 45 at 2 n.1)—frankly leaving more questions than answers for the Court.

As this Court has repeatedly instructed the Attorney General's Office, the Ninth Circuit has repeatedly held that unauthenticated documents cannot be considered on a motion for summary judgment. *See e.g., Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *Wieland v. Board of Regents of Nev. System of Higher Educ.*, No. 23-15339, 2024 WL 810445 *1 (Feb. 27, 2024). Moreover, when deciding a motion for summary judgment, the Court may only rely upon documents and exhibits that are capable of being

admissible in evidence at trial. *See* Fed. R. Civ. P. 56(c)(4) & advisory comm. note to 2010 amendments. Here, given the cryptic nature of the heavily redacted internal documents and the lack of clarity regarding the authenticity of any of Defendants' exhibits, the Court cannot determine whether these documents and exhibits would be otherwise admissible at trial. Therefore, the Court is precluded from considering these exhibits in deciding Defendants' motion for summary judgment.

Accordingly, the Court finds that Defendants have failed to support their motion for summary judgment with admissible evidence sufficient to show there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.

As such, **IT IS ORDERED** that Defendants' motion for summary judgment, (ECF No. 45), is denied.

**DATED**: March 27, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**