# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

MICHAEL GLASS,

    Plaintiff

v.

FEATHERLY, *et. al.*,

    Defendants.

Case No. 3:22-CV-00280-CLB[1]

**ORDER DISMISSING CASE**

On April 25, 2024, Defendants filed a motion for reconsideration of the Court's order denying their motion for summary judgment. (ECF No. 54.) An opposition or response to the motion was due on or before May 9, 2024. However, Plaintiff failed to file an opposition or otherwise respond to the motion. Thus, the Court *sua sponte* granted Plaintiff an extension of time to file a response to the motion by June 11, 2024. (ECF No. 55.) The Court cautioned Plaintiff that his failure to respond to the order would result in the motion for reconsideration being submitted to the Court for decision as unopposed and would also subject his case to dismissal. (*Id.*) To date, Plaintiff has not complied with the Court's order.[2]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

---

[1] The parties consented to the undersigned's jurisdiction to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* ECF No. 32.)

[2] On June 14, 2024, Plaintiff filed a non-responsive document asking for additional time to respond to the motion for reconsideration. However, the Court already granted Plaintiff a *sua sponte* extension of time to respond and Plaintiff fails to establish that good cause or exceptional circumstances warrant a further extension of time.

*See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the order directing that Plaintiff file a response to the motion for reconsideration, the order also stated that if Plaintiff failed to comply, the case would be subject to dismissal. (ECF No. 55.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order. For all these reasons, the Court finds it appropriate to dismiss this action for Plaintiff's failure to obey the Court's

order.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the motions for reconsideration, (ECF Nos. 54, 56), are **DENIED, as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** accordingly, and **CLOSE** this case.

**DATED**: June 14, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**